# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| ETHAN O'CONNOR | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.  3:23CV-88-RGJ |
| | ) |
| ISHA FOODS, LLC d/b/a | ) |
| McDONALD'S | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Ethan O'Connor ("O'Connor" or "Plaintiff"), by counsel, brings this action against Defendant, Isha Foods, LLC d/b/a McDonald's, ("Defendant"), for violating the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq.*, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Kentucky Civil Rights Act ("KCRA").

### II. PARTIES

2. O'Connor is a resident of Jefferson County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant conducts business within the geographical boundaries of the Western District of Kentucky. Defendant may be served through its registered agent Nagendra Jella at 6400 Greenwood Rd., Louisville KY 40258.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 42 U.S.C. §12117(a); 42 U.S.C. §2000e-5(f)(3); and 29 U.S.C. §206(d).

5. Jurisdiction is conferred on O'Connor's state law claims pursuant to 28 U.S.C. §1367 because his state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. §203(d); 42 U.S.C. §12111(5)(a), 42 U.S.C. §2000e(b), and KRS 344.030(2).

7. O'Connor is an "employee" as that term is defined by 29 U.S.C. §203(e)1; 42 U.S.C §12111(4), 42 U.S.C §2000e(f), and KRS 344.030(5).

8. Plaintiff has a "disability" as that term is defined by 42 U.S.C. §12102(2) and KCRA 344.010(4).

9. O'Connor satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination/retaliation based on disability, race, religion, and gender/sex. O'Connor received the required Notice of his Right to Sue and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

11. O'Connor, a Caucasian male, began working for Defendant on or around January 14, 2022. O'Connor was promoted to a Shift Manager in or about March 2022. O'Connor's last

held position was a Floor Supervisor. During his tenure, O'Connor met or exceeded Defendant's legitimate performance expectations.

12. In or around March 2022, O'Connor was sexually assaulted by a co-worker, Cameron Miller ("Miller"). Miller tried to kiss O'Connor, choked him, and inappropriately touched O'Connor when he cornered him at work. O'Connor reported these actions to his supervisors and the Defendant's owner after they occurred. Miller was not investigated or disciplined.

13. After O'Connor and his mother contacted Defendant, Miller was temporarily moved to a different shift. This change resulted in O'Connor being retaliated against by other co-workers who accused him of making false allegations. Multiple co-workers texted O'Connor and called him a "fucking fag". Miller and O'Connor were then put back on the same shift. When O'Connor notified Defendant that he felt unsafe, no remedial action was taken.

14. Another employee, a female, notified Defendant she had been inappropriately touched by another co-worker. In response to this claim, O'Connor was assaulted at work by the female employee's father. O'Connor filed a police report and reported this to Defendant, but nothing was done.

15. O'Connor is an individual with a qualified disability as that term is defined by the ADA. Specifically, he suffers from migraines, a learning disability, and Scheuermann's Disease.

16. O'Connor notified Defendant of his disabilities and requested various accommodations, including but not limited to being able to sit at work and to not be scheduled on certain days in order to visit his doctor.

17. Defendant declined each request, refused to engage in the interactive process, and threatened to terminate O'Connor if he went to the doctors instead of work.

18. Throughout his tenure, O'Connor was one of the only Caucasian employees during his shift. He primarily worked with employees that were African American. During his tenure, he was routinely told that he was "too white" and was ignored by employees under his supervision due to his race.

19. O'Connor is also a practicing Christian. He requested Sundays off in order to attend church. Said request was denied by Defendant. However, Angel (LNU) was permitted to attend church on Sundays.

20. O'Connor was a shift manager from March 2022 to June 2022. In said position, he was initially paid $10.50/hour. Similar managers were paid $16.00/hour. These similar managers included Jamie (LNU), a female; Rosetta "Ronnesha" Lee, a female; and Bethany (LNU), a female. When O'Connor complained of the pay discrepancy, his pay only increased to $12.00/hour.

21. O'Connor complained of the pay discrepancy from March 2022 to June 2022. After submitting his complaints, he was demoted to a Floor Supervisor in or about June 2022. He was replaced by a female, African American employee. Defendant threatened to terminate O'Connor if he did not cover the open shifts. This caused O'Connor to work well over 40 hours a week.

22. On or about June 14, 2022, O'Connor was suspended for saying "fuck." During his shift on said day, Lee told O'Connor to take care of the cash drawer and safe. O'Connor, who had previously been wrongly accused of stealing funds from Defendant and due to his demotion was not permitted to handle the safe, declined.

23. During the same shift, O'Connor was forced to perform Lee's and Bethany's job duties as they both refused to work. Eventually, O'Connor refused to perform Lee's and

Bethany's duties. He was then brought into a meeting with Bethany Craig ("Craig"), who suspended him for using inappropriate language. Multiple other employees used inappropriate language but were never disciplined.

24. O'Connor was terminated on or about June 23, 2022.

25. O'Connor has been damaged as a result of Defendant's actions.

## V. CAUSES OF ACTION
## COUNT I: DISABILITY DISCRIMINATION

26. O'Connor hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint as if the same were set forth at length herein.

27. Defendant violated O'Connor's rights as protected by the ADA, 42 U.S.C. §12101 *et seq.* and the KCRA by discriminating against him because of his actual or perceived disability. Defendant failed to provide him with a reasonable accommodation and subjected him to disparate treatment because of his disabilities in violation of the ADA and KCRA.

28. Defendant discriminated against O'Connor by terminating him because of his disability.

29. Defendant's actions were intentional, willful, and in reckless disregard of O'Connor's rights as protected by the ADA and the KCRA.

30. O'Connor has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: RACE DISCRIMINATION

31. O'Connor hereby incorporates paragraphs one (1) through thirty (30) of his Complaint as if the same were set forth at length herein.

32. Defendant discriminated against O'Connor by terminating him because of his race.

33. Defendant's actions were intentional, willful, and in reckless disregard of O'Connor's rights as protected by Title VII and the KCRA.

34. O'Connor has suffered damages as a result of the Defendant's unlawful actions.

### COUNT III: RELIGIOUS DISCRIMINATION

35. O'Connor hereby incorporates paragraphs one (1) through thirty-four (34) of his Complaint as if the same were set forth at length herein.

36. Defendant discriminated against O'Connor on the basis of his religious beliefs.

37. Defendant's actions were intentional, willful, and in reckless disregard of O'Connor's rights as protected by Title VII and the KCRA.

38. O'Connor has suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: GENDER DISCRIMINATION

39. O'Connor hereby incorporates paragraphs one (1) through thirty-eight (38) of his Complaint as if the same were set forth at length herein.

40. Defendant discriminated against O'Connor based on his gender.

41. Defendant's actions were intentional, willful, and in reckless disregard of O'Connor's rights as protected by Title VII and the KCRA.

42. O'Connor has suffered damages as a result of Defendant's unlawful actions.

### COUNT VI: RETALIATION

43. O'Connor hereby incorporates paragraphs one (1) through forty-two (42) of his Complaint as if the same were set forth at length herein.

44. O'Connor engaged in protected activity when he opposed disability, race, religious, and gender-based harassment and discrimination and made numerous complaints to Defendant regarding his disparate treatment.

45. Defendant retaliated against O'Connor by terminating him.

46. Defendant's actions were intentional, willful, and taken in reckless disregard of O'Connor's legal rights.

47. Defendant's unlawful actions have violated O'Connor's rights as protected by Title VII, ADA, and the KCRA.

48. O'Connor has suffered damages as a result of Defendant's unlawful actions.

### COUNT V: EQUAL PAY ACT

49. O'Connor hereby incorporates paragraphs one (1) through forty-eight (48) of his Complaint as if the same were set forth at length herein.

50. Defendant paid O'Connor significantly less than his female peers despite the fact that his female peers were employed in similar positions which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

51. Defendant's actions were intentional, willful, and in reckless disregard of O'Connor's rights.

52. Defendant's unlawful actions have violated O'Connor's rights as protected by the EPA.

53. O'Connor has suffered damages as a result of Defendant's unlawful actions.

### COUNT VI: RETALIATION – FLSA

54. O'Connor hereby incorporates paragraphs one (1) through fifty-three (53) of his Complaint as if the same were set forth at length herein.

55. O'Connor engaged in protected activity under the FLSA when he complained that he was being paid less than women, who were employed in similar positions.

56. Defendant terminated O'Connor's employment because he engaged in activity protected by the FLSA.

57. Defendant's actions were intentional, willful, and in reckless disregard of O'Connor's rights as protected by the FLSA.

58. O'Connor has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Ethan O'Connor, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Reinstate O'Connor's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to O'Connor of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages violations of Title VII, ADA, retaliation under the FLSA, and the KCRA;

5. Punitive damages violations of Title VII, ADA, retaliation under the FLSA, and the KCRA;

6. Liquidated damages for the Defendant's violations of the EPA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgement interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Taylor Ferguson
Taylor Ferguson
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: tferguson@bdlegal.com
*Counsel for Plaintiff, Ethan O'Connor*

## DEMAND FOR JURY TRIAL

Plaintiff, Ethan O'Connor, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Taylor Ferguson
Taylor Ferguson
144 North Delaware Street Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: tferguson@bdlegal.com
*Counsel for Plaintiff, Ethan O'Connor*